IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ANTHONY R. MABUTOL, et al.,

    Plaintiffs,

v.                                                                               Civil No. 2:12cv406

FEDERAL HOME LOAN MORTGAGE
CORPORATION, et al.,

    Defendants.

## OPINION AND ORDER

This is an action to quiet title and for declaratory judgment. The Court has jurisdiction pursuant to 12 U.S.C. § 1452(f) and 28 U.S.C. §§ 1331, 1441, and 1446.[1] In this action, the plaintiffs seek, in essence, to set aside an allegedly defective non-judicial foreclosure of the plaintiffs' residence, located in Virginia Beach, Virginia.

The matter is now before the Court on a motion by defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth herein, the Court will construe Freddie Mac's Rule 12(c) motion for judgment on the pleadings instead as a Rule 12(b)(6) motion to dismiss, the motion shall be **GRANTED**, and this action shall be **DISMISSED** for failure to state a claim upon which relief can be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In June 2003, the plaintiffs purchased a residence located at 1857 Heald Way, Virginia

---

[1] The defendants have also asserted the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332, but the federal question jurisdiction conferred by 12 U.S.C. § 1452(f) as to "all civil actions to which the [Federal Home Loan Mortgage] Corporation is a party" is clear and unmistakable. As a result, it is unnecessary to determine whether diversity jurisdiction exists.

Beach, Virginia. On February 22, 2007, the plaintiffs refinanced the mortgage on their residence, executing a promissory note with an initial principal balance of $356,800.00, secured by a deed of trust.

The plaintiffs subsequently defaulted on the loan, and defendant Professional Foreclosure Corporation of Virginia ("PFC"), acting as substitute trustee, foreclosed on the property on October 12, 2011. Defendant Freddie Mac, holder of the loan at the time of the foreclosure, purchased the residence at the foreclosure sale. A trustee's deed conveying the property to Freddie Mac was executed on October 17, 2011, and recorded on October 20, 2011.

On June 18, 2012, the plaintiffs filed the complaint in this action in the Circuit Court for the City of Virginia Beach. On July 25, 2012, the defendants timely removed this matter to this Court. On August 9, 2012, defendant Freddie Mac filed its motion for judgment on the pleadings, despite not having filed an answer to the complaint. On August 29, 2012, six days after the plaintiffs' response to the motion was due, the plaintiffs requested an extension of time to respond, which the Court granted on September 14, 2012. The plaintiffs never filed a response to Freddie Mac's motion. The motion is now ripe for decision on the papers. See Local Civ. R. 7(J).

## II. MOTION TO DISMISS STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure authorizes a defendant to move for judgment on the pleadings "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). Insofar as Freddie Mac has not yet filed an answer to the complaint, its Rule 12(c) motion is premature. See Signature Combs, Inc. v. United States, 253 F. Supp. 2d 1028, 1030 (W.D. Tenn. 2003); Seber v. Unger, 881 F. Supp. 323, 325 n.2 (N.D. Ill. 1995); New York State United Teachers v. Thompson, 459 F. Supp. 677, 680 (N.D.N.Y. 1978). The Court may nevertheless construe a premature Rule 12(c) motion for judgment on the pleadings instead as a Rule 12(b)(6) motion to dismiss for failure

to state a claim. Signature Combs, 253 F. Supp. 2d at 1028; Seber, 881 F. Supp. at 325 n.2; Thompson, 459 F. Supp. at 680. The practical importance of this procedural distinction is minimal, as the applicable standard of review is the same in any event. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, the plaintiff's complaint is to be construed in a "light most favorable to the plaintiff." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F. 3d 175, 180 (4th Cir. 2000). The defendant has the burden of showing that no claim has been stated. See Edwards, 178 F.3d at 244 ("[A] Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.").

Although a plaintiff is entitled to notice and an opportunity to respond to a motion to dismiss, he has no obligation to do so—he may opt to stand on the pleadings rather than filing an opposition. The Court must nevertheless examine the complaint and determine whether it states a claim as a matter of law. See Goldberg v. Danaher, 599 F.3d 181, 183–84 (2d Cir. 2010); Issa v. Comp USA, 354 F.3d 1174, 1178 (10th Cir. 2003); Vega-Encarnación v. Babilonia, 344 F.3d 37, 41 (1st Cir. 2003). To survive dismissal, the complaint must contain enough facts to state a claim to relief that is plausible on its face." Bonds v. Leavitt, 629 F.3d 369, 385 (4th Cir. 2011) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). As the Fourth Circuit has explained,

> The plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." It requires the

> plaintiff to articulate facts, when accepted as true, that "show" the plaintiff has stated a claim entitling him to relief, i.e., the "plausibility of 'entitlement to relief.'"

Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557). Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. Twombly, 550 U.S. at 563.

In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).[2]

### III. ANALYSIS

Freddie Mac seeks dismissal of this case on four separate grounds: (1) declaratory judgment is inappropriate because a foreclosure sale of the property has already occurred; (2) the unlabeled signature of one of the plaintiffs on the deed of trust does not render the deed of trust invalid; (3) MERS had authority to assign its right, title, and interest in the deed of trust to successor lender Nationstar Mortgage LLC ("Nationstar"), and therefore Nationstar's subsequent appointment of PFC as substitute trustee was proper and the foreclosure was valid; and (4) the plaintiffs have failed to adequately plead good title. The plaintiffs have not responded to Freddie Mac's motion, apparently choosing instead to stand on the pleadings.

#### A. Count I of the Complaint – Declaratory Judgment

Freddie Mac contends that declaratory relief is inappropriate under Va. Code § 8.01-184. Freddie Mac's reliance on state procedural law is misplaced. See The Hipage Co., Inc. v.

---

[2] In addition to the complaint in this matter, disposition of this motion has required consideration of the deed of trust and trustee's deed (both attached to the plaintiff's complaint), as well as the assignment of the deed of trust from MERS to Nationstar and the appointment of substitute trustee naming PFC (both incorporated into the complaint by reference).

Access2Go, Inc., 589 F. Supp. 2d 602, 614 & n.12 (E.D. Va. 2008) (holding that federal Declaratory Judgment Act, 28 U.S.C. § 2201, applied to declaratory action removed from state court). But their argument on this point is nevertheless well-taken.

Under federal procedural law, "[d]eclaratory judgments are designed to declare rights so that parties can conform their conduct to avoid future litigation, and are untimely if the questionable conduct has already occurred or damages have already accrued." Tapia v. U.S. Bank, N.A., 718 F. Supp. 2d 689, 695 (E.D. Va. 2010) (internal quotation marks omitted). The property at issue here was foreclosed on October 12, 2011, as a result of the plaintiffs' default on their mortgage loan. Because the foreclosure has already occurred, declaratory relief is inappropriate. See id. at 695–96; Horvath v. Bank of New York, N.A., No. 1:09-cv-01129, 2010 WL 538039, at *1 (E.D. Va. Jan. 29, 2010). Count I of the plaintiff's complaint therefore must be dismissed.

### B. Count II of the Complaint – Action to Quiet Title

Count II of the complaint asserts an action to quiet title. Under Virginia law, "[a] party asserting a quiet title action must plead that he or she has superior title to the property." Tapia, 718 F. Supp. 2d at 700. Based on the complaint, the plaintiff appears to rely on two different theories to establish superior title: first, that the original deed of trust is invalid because the signature of one of the three plaintiffs is not properly labeled and notarized; and second, that the foreclosure itself was invalid because MERS lacked the authority to assign its right, title, and interest in the deed of trust to Nationstar, rendering Nationstar's subsequent appointment of PFC as substitute trustee invalid. Freddie Mac, however, contends that the deed of trust was valid, as was assignment of its right, title, and interest in the deed of trust to Nationstar was valid and Nationstar's subsequent appointment of PFC as substitute trustee. Moreover, Freddie Mac contends that the plaintiffs have failed to allege good title in themselves, and thus their quiet title claim must fail as a matter of law.

### 1. Validity of the Original Deed of Trust

Prior to the October 2011 foreclosure, the three plaintiffs were record owners of the residential property at issue in this case. Based on the factual allegations of the complaint, the plaintiff appears to contend that the February 2007 deed of trust was invalidly executed because it contains the labeled and properly notarized signatures of only two of the three record owners, Anthony R. Mabutol and Cesar Ballon. The deed of trust contains a third, unidentified signature, which is not labeled and which the notary public failed to acknowledge in his affidavit.

The plaintiffs do not allege that this signature is a forgery, nor that it is the signature of a person other than Rosemary Ballon, the third record owner. They allege only a technical defect insofar as this third signature is not explicitly identified as hers by a typed or printed label, and not acknowledged by the notary's affidavit as having been signed by her personally, in his presence.

The plaintiff, however, identifies no authority to suggest that Virginia law requires a signature on a deed of trust to be labeled or presented in any particular form. See generally Va. Code § 55-58 (addressing the form of a deed of trust). Moreover, insofar as notarization of the deed of trust may have been defective, Virginia law provides that "[a] writing that is not properly notarized . . . shall not invalidate the underlying document." Va. Code § 55-106.2. The Court further notes that the deed of trust was recorded by the Clerk of the City of Virginia Beach on March 7, 2007, more than three years prior to this lawsuit, and thus, in the absence of any allegation of fraud, it is "conclusively presumed to be in proper form for recording." Id.

Accordingly, the Court concludes that the original deed of trust is valid, and that it was properly recorded.

## 2. Validity of the Foreclosure Sale

Based on the factual allegations of the complaint, the plaintiff appears to contend that foreclosure of the property by PFC was invalid because MERS, as beneficiary of the deed of trust and nominee of the lender, lacked authority under the deed of trust to assign its right, title, and interest in the deed of trust to Nationstar, and Nationstar's subsequent appointment of PFC as substitute trustee was therefore invalid as well.

At the outset, the Court notes that the plaintiffs are neither party to nor intended beneficiaries of the assignment from MERS to Nationstar. ECF No. 7 attach. 2, at 3. Nor does the complaint allege that the plaintiffs are either party to or intended beneficiaries of the assignment. Accordingly, in the absence of an enforceable contract right, the plaintiffs lack standing to challenge the assignment's validity. See Wolf v. Fed. Nat'l Mortg. Ass'n, 830 F. Supp. 2d 153, 161 (W.D. Va. 2011).

Moreover, a review of the terms of the deed of trust reveals that the plaintiffs are simply mistaken. In pertinent part, the deed of trust explicitly provides:

> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and <u>the successor and assigns of MERS</u>. . . . Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, <u>MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests</u>, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

ECF No. 1 attach. 2, at 3 (emphasis added). Pursuant to this language in the deed of trust, MERS, as the lender's nominee and as beneficiary of the deed of trust, was authorized to assign its right, title, and interest under the deed of trust to Nationstar. See Wolf, 830 F. Supp. 2d at 162.

Pursuant to this assignment, Nationstar, as nominee of the lender and beneficiary of the deed of trust, was clearly authorized to appoint PFC as substitute trustee. Indeed, notwithstanding validity

of the assignment of the deed of trust, Nationstar, acting as "present holder or authorized agent of the holder" of the promissory note secured by the deed of trust, see ECF No. 7 attach. 3, at 3, was authorized under Virginia law to appoint a substitute trustee. See Va. Code § 55-59(9) ("The party secured by the deed of trust . . . shall have the right and power to appoint a substitute trustee or trustees for any reason . . ."); Horvath v. Bank of New York, N.A., 641 F.3d 617, 624–25 (4th Cir. 2011).

Accordingly, the Court concludes that the assignment of the deed of trust from MERS to Nationstar, and Nationstar's subsequent appointment of PFC as substitute trustee, were valid.

### 3. Adequacy of the Plaintiffs' Allegations

Finally, notwithstanding the validity of the assignment and the appointment of substitute trustee, the Court notes that the complaint has failed to adequately plead that the plaintiffs have superior title to Freddie Mac, purchaser of the property at the foreclosure sale. "In order to assert a claim for quiet title, the plaintiff must plead that he has fully satisfied all legal obligations to the party in interest." Bagley v. Wells Fargo Bank, N.A., No. 3:12-CV-617, 2013 WL 350527, at *8 (E.D. Va. Jan. 29, 2013). The complaint does not allege that the plaintiffs have fully satisfied their obligations under the note and the deed of trust, nor that the underlying debt was paid, forgiven, or cancelled. See id.; Tapia, 718 F. Supp. 2d at 700. Indeed, according to the recitals of the trustee's deed, attached as an exhibit to the plaintiff's own complaint, the plaintiffs defaulted in payment of the principal and interest secured by the deed of trust. ECF No. 1 attach 3, at 1. The plaintiffs do not dispute this fact in their complaint, nor in any other papers of record in this case.

Accordingly, Count II of the complaint must also be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court has construed Freddie Mac's Rule 12(c) motion for judgment on the pleadings instead as a Rule 12(b)(6) motion to dismiss, the motion is **GRANTED** and this action is **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

March 25, 2013
Norfolk, Virginia

/s/
Robert G. Doumar
Senior United States District Judge